UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


WILLIAM HOSS, JR.,              )        Case No.: 2:23 CV 12956
                               )
        Petitioner             )
                               )
        v.                     )        JUDGE SOLOMON OLIVER, JR.
                               )
MELINDA BRAMAN,                )
                               )
        Respondent             )        <u>ORDER</u>


    Currently pending before the court in the above-captioned case is Petitioner William Hoss Jr.'s

("Mr. Hoss" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1)[1], pursuant to

28 U.S.C. § 2254. On January 22, 2024, the Chief Judge of the Sixth Circuit designated and assigned the

above-named judge of the United States District Court of the Northern District of Ohio to hear and resolve

the within case. (ECF No. 3.) Magistrate Judge Jennifer Dowdell Armstrong ("Magistrate Judge" or

"Magistrate Judge Armstrong") was randomly selected to prepare a Report and Recommendation ("R &

R"). (ECF No. 4–5.) For the following reasons, the court adopts Magistrate Judge Armstrong's R & R

---

[1]    The Petition for Writ of Habeas Corpus as reflected at ECF No. 1 states "see brief" for
the supporting facts of each ground for relief. The court assumes the attachment referenced
in the Petition is the Application for Leave to Appeal filed in the Michigan Supreme Court.
As reflected at ECF No. 1 PageID 15–28, every other page of the attachment is missing.
However, it appears that a complete version of the document being referenced is found in
the Respondent's § 2254 Rule 5 submission at ECF No. 10–14, thus the court evaluates
the petition in relevant part based on the document at ECF No. 10–14.

(ECF No. 11), and denies the Petition (ECF No. 1) in its entirety. The court also declines to issue Mr.

Hoss a Certificate of Appealability.

In 1996, Mr. Hoss was convicted of second-degree murder and received a 40-to-60 year sentence, thus his earliest release date was 2036. (R & R at PageID 1264.) While serving that sentence, Mr. Hoss was charged with one count of open murder, one felony firearm count, and one habitual offender specification under Michigan law, in relation to a separate alleged murder in 1985. (*Id.*) On November 16, 2012, Mr. Hoss entered a plea of not guilty, and as a part of a plea deal, the open murder charge was amended to one count of second-degree murder with a habitual offender specification carrying an agreed minimum sentence of 30 years. (*Id.* at PageID 1264–65.) In addition, the prosecution agreed to not prosecute the felony firearm charge, and the State agreed not to charge Mr. Hoss in connection with an open investigation in Flint, Michigan. (*Id.*) On December 18, 2012, Mr. Hoss was sentenced to a term of 30–60 years, to be served concurrently with his prior sentence, and the court informed Mr. Hoss that he would "get credit for two hundred sixty-four days served in prison or jail." (ECF No. 10–8 at PageID 407, Sentencing Tr.)

On November 16, 2023[2], Mr. Hoss, *pro se*, filed a 28 U.S.C. § 2254 habeas petition challenging his guilty plea to second-degree murder with a habitual offender specification. (R & R at PageID 1268.) The Petition asserts the following three grounds for relief:

> **GROUND ONE**:      Mr. Hoss agreed to plead guilty based on the illusory promise of

---

[2]      As noted by Magistrate Judge Armstrong, pursuant to the prison mailbox rule, a habeas petition is considered filed when it is presented to prison officials for mailing. (R & R at PageID 1272 (citing *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 456 (6th Cir. 2012).)

concurrent sentencing.

**GROUND TWO**: Mr. Hoss plead [*sic*] guilty because he received erroneous and objectively unreasonable advice from his attorney.

**GROUND THREE**: Mr. Hoss' plea was not understandingly entered because he misapprehended the effect that the illusory plea would have.

(*Id.* at PageID 1268.) Respondent filed an Answer in Opposition to the Petition (ECF No. 9) on July 12, 2024. Petitioner did not file a traverse. Magistrate Judge Armstrong submitted her R & R on September 20, 2024, recommending that the court deny and dismiss the Petition (ECF No. 1) in its entirety and further recommending that the court not grant Mr. Hoss a Certificate of Appealability. (R & R, ECF No. 11.)

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on applications seeking a writ of habeas corpus. (*Id.* at PageID 1272 (citing 28 U.S.C. § 2244(d)(1)).) Meaning Mr. Hoss had until June 19, 2014, to file his habeas petition. Mr. Hoss did not file his habeas Petition until November 16, 2023, nearly a decade after the statute of limitations expired. (R & R at PageID 1276.) Thus, the R & R recommends that the court deny and dismiss the Petition as time barred. (*Id.* at PageID 1271.)

The R & R evaluates Mr. Hoss's argument that the statute of limitations did not start until 2019, pursuant to § 2241(d)(1)(D), which requires Petitioner to demonstrate that he could not have discovered the factual predicate before that date via the exercise of due diligence. (*Id.* (citing 28 U.S.C. § 2241; *Ayers v. Ohio Dept. of Rehab. and Correction*, 113 F.4th 665, 672 (6th Cir. 2024)).) Mr. Hoss argues that he did not learn that his guilty plea extended his earliest release date from 2036 to 2042 until 2019, when he received a document from the Michigan Department of Corrections. (R & R at PageID 1273–74; ECF

-3-

No. 10–14 at PageID 1070, Def.'s Appl. for Leave to Appeal.) However, the R & R finds that Mr. Hoss

did not meet his burden of showing that he could not have discovered his earliest release date sooner. (R

& R at PageID 1274.) Mr. Hoss does not provide evidence that he took steps to confirm his release date

prior to 2019, nor does he establish that information regarding his release date would have been unavailable

to him through the exercise of due diligence. Accordingly, the R & R concludes that Mr. Hoss's habeas

petition is untimely. (*Id.*)

   After reaching this conclusion, the R & R then examines whether statutory or equitable tolling might

preserve Mr. Hoss's claims, despite the fact that Mr. Hoss did not present any argument in regard to

tolling. (*Id.* at PageID 1275.) Section 2244(d)(2) provides, with respect to statutory tolling, that "[t]he time

during which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. § 2244(d)(2). Accordingly, "[t]he one-year period of limitations is tolled" while a

properly filed application for state post-conviction or other collateral review is pending. (R & R at PageID

1273 (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012)).) Statutory

tolling under 2244(d)(2) does not revive or restart the statute of limitations period, rather it serves only to

"pause a clock that has not yet fully run." (R & R at PageID 1275 (citing *Vroman v. Brigano*, 346 F.3d

598, 602 (6th Cir. 2003)) (quotation omitted).) Given that Mr. Hoss did not file his motion for relief from

judgment until seven years after the one-year statute of limitations expired, the R & R concludes that no

statutory tolling would preserve Mr. Hoss's claim. (*Id.*)

   Absent statutory tolling, a petitioner might, nevertheless, be entitled to equitable tolling, since

AEDPA's one-year statute of limitations is not jurisdictional. (R & R at PageID 1275 (*citing Holland v.*

-4-

*Florida*, 560 U.S. 631, 645 (2010)).) To be entitled to equitable tolling Petitioner must demonstrate both that he pursued his rights diligently, and that some extraordinary circumstance prevented his timely filing. (*Id.* (citing *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).) Mr. Hoss claims that he learned of the alleged error in 2019, but he did not file his state court motion to vacate until November of 2021, nor his habeas Petition until November of 2023. (*Id.*) The R & R finds that Petitioner has not demonstrated that he acted diligently to pursue his rights. (*Id.* at 1276.) Further, given that Mr. Hoss provides no explanation for his delay, and given that he has shown no extraordinary circumstances, the R & R concludes that Petitioner is not entitled to equitable tolling. (*Id.*)

**B.      Ground One: Illusory Plea**

In Petitioner's first ground for relief, Mr. Hoss argues that his plea was invalid because the promises he received in return for the plea offered no actual benefit. (R & R at PageID 1277; ECF No. 10–4 at PageID 1073–75, Pretrial Hr'g Tr.) Mr. Hoss maintains that his plea was illusory because it contained a concurrent sentencing provision, notwithstanding that consecutive sentencing was not available as a matter of law. (ECF No. 10–4 at PageID 1073–75, Pretrial Hr'g Tr.) However, the R & R found that Mr. Hoss received substantial benefits from his plea, separate and apart from whether his new sentence would track back to his prior conviction. (R & R at PageID 1277.) Namely, Mr. Hoss received an amendment of the open murder charge to second-degree murder, the dismissal of the felony firearm specification, an agreed 30-year minimum sentence, and the State agreed to drop an ongoing criminal investigation against Mr. Hoss. (*Id.* at 1277–78.) Given that Mr. Hoss received tangible benefits in return for the plea, the R & R recommends that the court deny Petitioner's first ground for relief (*Id.* at 1277–78.)

**C.      Ground Two: Ineffective Assistance of Counsel**

-5-

In his second ground for relief, Mr. Hoss asserts that he received ineffective assistance of counsel under the Sixth and Fourteenth Amendments because his trial counsel erroneously informed him that accepting the plea would not extend his 2036 earliest release date. (ECF No. 10–14 at PageID 1075, Def.'s Appl. for Leave to Appeal.) The R & R notes the extremely deferential standard set forth in *Strickland*, which requires a petitioner claiming ineffective assistance of counsel to show both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant. (R & R at PageID 1279 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).)

On November 10, 2021, Mr. Hoss filed a Motion for Relief from Judgment in the trial court, arguing that his plea was illusory, and that his counsel was ineffective. (ECF No. 10–12 at PageID 551, Order Den. Def.'s Relief from J.) The Trial court denied the Motion. (*Id.*) The Michigan Court of Appeals denied Mr. Hoss's application for leave to appeal on April 12, 2023, and the Michigan Supreme Court denied Petitioner's application for leave to appeal that decision on August 22, 2023, both in one-sentence orders. (ECF No. 10–13, 10–14.)

Where the state court reaches the merits of an ineffective assistance of counsel claim, federal habeas courts provide AEDPA deference to that adjudication under § 2254(d). (R & R at PageID 1280 (citing *Perkins v. McKee*, 411 Fed. App'x. 822, 828 (6th Cir. 2011) ("Our analysis is 'highly deferential' and we 'indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'").) The R & R notes the double layer of deference that federal courts must give state courts in reviewing ineffective assistance of counsel claims under AEDPA. (R & R at PageID 1280.) Looking through the appellate decisions to the trial court's analysis of Mr. Hoss's ineffective assistance

claims, the R & R finds that the trial court did not act contrary to or misapply controlling law. (*Id.* at 1282.)

Mr. Hoss was present when the State informed the trial court on the record that the parties were discussing a plea agreement that would extend Petitioner's earliest release date from 2036 to 2042. (*Id.*) Neither Mr. Hoss nor his counsel objected to that assertion. (*Id.*) Further, when the trial court informed petitioner that he was receiving only 264 days of credit, rather than six years, for time served on his prior sentence, no objection was made. (*Id.*) The R & R thus concludes that the trial court properly held that Mr. Hoss failed to demonstrate his counsel's ineffectiveness. (*Id.*)

To prevail on a *Strickland* claim in a guilty plea context, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (R & R at PageID 1279 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).) As discussed above, Petitioner received many benefits from the plea agreement, which the R & R found to weigh against any argument that it would have been reasonable for Petitioner to reject the plea agreement. (*Id.*) The R & R further finds that Petitioner failed to demonstrate a reasonable probability that he could have prevailed at trial. (*Id.*) The R & R reasons that even if Petitioner's counsel did provide erroneous advice which fell below an objective standard of reasonableness, Mr. Hoss has not shown that it would have been rational under the circumstances to reject the plea and proceed to trial. (*Id.*) Thus, the R & R recommends that the court deny Mr. Hoss's petition on ground two.

**D.      Ground Three: Involuntary Plea**

In his last ground for relief, Petitioner argues that his plea was unknowing and involuntary because he mistakenly believed that his sentence would track back to his prior release date, thus not extending the earliest time that he could be released from custody. (ECF No. 10–4 at PageID 1078–82, Pretrial Hr'g

Tr..) When a habeas petitioner challenges the validity of his plea, the state generally satisfies its burden to show the plea was voluntary and intelligent by producing a transcript of the state court proceeding. (R & R at PageID 1283 (citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) ("When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding. The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness.").)

The R & R evaluates the transcript of Mr. Hoss's plea hearing and finds that Mr. Hoss understood the consequences of his plea. (*Id.* at 1284.) The R & R notes the trial judge's colloquy during sentencing, which included statements that Mr. Hoss would die in prison, and during which the trial court informed Mr. Hoss that he would be receiving credit for only 264 days served. (*Id.* at PageID 1285.) Thus, the R & R concludes that Mr. Hoss should have been disabused of any belief that his sentence would track back to his prior conviction. (*Id.* at PageID 1285.) Thus, the R & R concludes that Petitioner did not meet his heavy burden of rebutting the trial court's finding that his plea was knowing and voluntary. (*Id.*)

No objections to the R & R were filed. After careful de novo review of the R & R and all other relevant documents in the record, the court finds that Magistrate Judge Armstrong's recommendations are fully supported by the record and controlling case law. For the reasons stated by the Magistrate Judge and herein, the court adopts the R & R (ECF No. 11) in its entirety and hereby denies and dismisses the Petition for Writ of Habeas Corpus (ECF No. 1). The court also certifies that there is no basis upon which to issue a Certificate of Appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 3, 2025